UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

STATE INSURANCE FUND CORP.,

Appellant,

v.

MEDSCI DIAGNOSTICS, INC.,

Appellee.

Civil No. 10-2239 (JAF)
Related case: Bankr. No. 10-00094 (ESL)

**OPINION AND ORDER**

Pending before this court is an appeal filed by creditor-appellant State Insurance Fund Corporation ("SIF") against debtor-appellee Medsci Diagnostics ("Medsci") arising out of a bankruptcy adversary proceeding. Under 28 U.S.C. § 158(a), SIF challenges an order ("the order") of the bankruptcy court finding that a contract for radiological diagnostic services between Appellant and Appellee "is not null and void . . . . and each party must comply with its terms." (Bankr. No. 10-00094-ESL, Docket No. 148.) For the reasons discussed below, we dismiss the appeal.

**I.**

**Factual and Procedural Summary**

This appeal arises from an adversarial proceeding in the bankruptcy court, in which Medsci has raised several claims, seeking "nine (9) remedies," including breach of contract, fraud or deceit, damages in tort or contract, "damages," "injunction," and "collection." (Docket No. 8-1 at 8.) Central to this appeal is the contract of September 7, 2007, in which Medsci

agreed to provide radiological equipment services to SIF.[1] (Bankr. No. 10-00094-ESL, Docket Nos. 1-1; 189 at 8.) In the adversary proceeding, as in this appeal, SIF has argued that Medsci provided medical professional services without proper incorporation as a professional service corporation in violation of Puerto Rico law and, thus, the contract was allegedly null and void.

On June 8, 2010, the bankruptcy court held a hearing, in which it determined, inter alia, that the contract at issue in this case was <u>not</u> null and void. After further examination of testimony and the record, the bankruptcy court denied the SIF's motion for reconsideration on the contract issue in its Opinion and Order of November, 24, 2010, which laid out its comprehensive findings of facts and analysis. (Bankr. No. 10-00094-ESL, Docket No. 148.) The bankruptcy court deemed the contract valid, finding, based on the evidence and testimony, that Medsci provided radiological equipment, maintenance for the equipment, and administrative services, but it did not practice medicine. (<u>Id</u>.) After the bankruptcy court denied SIF's subsequent motion to reconsider the November order, which denied its previous motion to reconsider, (Bankr. No. 10-00094-ESL, Docket Nos. 166; 173; 193), SIF filed this appeal challenging the contract's validity.

## II.

## <u>Standard of Review</u>

Before we can assess the merits of the parties' arguments, we must assess the disputed "order's character in view of § 158(a)(1)'s grant of jurisdiction over a bankruptcy court's 'final judgments, orders, and decrees.'" <u>Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)</u>, 218 B.R. 643, 646 (B.A.P. 1st Cir. 1998) (citing 28 U.S.C. § 158(a)(1)). Although

---

[1] The bankruptcy court's Opinion and Order of November 24, 2010, provides further details with respect to the contract and working relationship between the parties. (Bankr. No. 10-00094-ESL, Docket No. 148.)

the concept of finality proves more flexible "in the bankruptcy context than it is in other civil litigation contexts. . . [a] bankruptcy order need not dispose of all aspects of a case in order to be final; an order which disposes of a discrete dispute within the larger case will be considered final and appealable." In re Am. Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985) (internal quotation marks and citations omitted). "A decision is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, whereas an interlocutory order only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." Bronsdon v. Educ. Credit Mgmt. Corp. (In re Bronsdon), 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) (quoting In re Bank of New Eng. Corp., 218 B.R. at 646) (internal quotation marks omitted).

The resolution of an adversary proceeding within the bankruptcy case can constitute the disposition of a "discrete dispute," since an "adversary proceeding is perhaps the clearest example of a discrete dispute or judicial unit within the bankruptcy case." In re Bank of New Eng. Corp., 218 B.R. at 647. The First Circuit has highlighted the similarity between a bankruptcy adversary proceeding and an ordinary civil action, explaining:

> "In the typical adversary proceeding, the finality determination closely resembles the finality determination in an ordinary [civil case] . . . . Just as an appeal in a civil action normally may not be taken . . . until all claims of all parties to the action have been finally resolved, . . . so too must some special justification be shown for departing from the finality rule relating to adversary proceedings and contested matters."

Estancias La Ponderosa Dev. Corp. v. Harrington (In re Harrington), 992 F.2d 3, 6 n.3 (1st Cir. 1993) (internal quotation marks and citations omitted).

The First Circuit has also explained that an "order which 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits' is considered interlocutory." In re Am. Colonial Broad. Corp., 758 F.2d at 801 (quoting In re Merle's, Inc., 481 F.2d 1016 (9th Cir. 1973)).

Under § 158(a), this court also has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . . ." § 158(a)(3). In determining whether to exercise our discretion to grant such leave to appeal, we "consider whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" In re Bank of New Eng. Corp., 218 B.R. at 652 (quoting 28 U.S.C. § 1292(b)). Such leaves to appeal interlocutory orders are to be granted "sparingly and only in exceptional circumstances." In re San Juan DuPont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (citations omitted); see also BancBoston Real Estate Capital Corp. v. JBI Assocs. Ltd., (In re Jackson Brook Inst.), 227 B.R. 569, 581 (D. Me. 1998) (internal quotation marks and citations omitted) (noting that "leave to appeal under section 158(a)(3), should be used sparingly and only in exceptional circumstances") .

## III.

### Analysis

For the reasons laid out below, we find that the order at issue in this case lacks finality, and we decline to grant discretionary leave to appeal this interlocutory order. First, this is not "a case that presents a 'discrete dispute within the larger case' of a bankruptcy proceeding, but is simply an appeal from an interlocutory order within what may be such a discrete dispute"

Case 3:10-cv-02239-JAF   Document 69   Filed 03/09/12   Page 5 of 7

Civil No. 10-2239 (JAF)                                                                                                -5-

(i.e., the adversary proceeding determining what the terms of the agreement were, whether the parties complied with it, and how much SIF might owe Medsci for services rendered). In re Empresas Noroeste, Inc., 806 F.2d 315, 316–17 (1st Cir. 1986). The adversary proceeding "is the relevant judicial unit upon which our finality analysis focuses," In re Bank of New Eng. Corp., 218 B.R. at 653, and the "proper inquiry, therefore, is whether after the entry of the Order any issues central to the litigation remain," id. at 646. In fact, several issues central to the litigation remain, and the bankruptcy court's early decision refusing to deem the contract valid was—despite SIF's numerous motions for reconsideration—merely a short interlocutory step in an ongoing proceeding leading up to a grant of partial summary judgment and a scheduled trial on the merits.[2] Remaining for the bankruptcy court's determination after the disputed order are the issues of whether to grant damages, the amount of any such damages, and the parties' compliance or lack thereof with their contracted agreement.[3] (Bankr. No. 10-00094-ESL, Docket Nos. 189; 348; 355.) This case falls "within the general rule that orders disposing of fewer than all claims or parties are generally interlocutory and not appealable as of right upon entry." In re Bank of New Eng. Corp., 218 B.R. at 647 (citing In re Harrington, 992 F.2d at 6 n.3). "Were the . . . order one entered by a district court judge in a district court case, rather than one issued by a bankruptcy judge in an adversary proceeding, we should consider it not to be final; it would have adjudicate[d] fewer than all the claims," and "it would be interlocutory, not final." In re Pub. Serv. Co., 898 F.2d 1, 2 (1st Cir. 1990) (internal quotation marks and citations omitted); see also In re Empresas Noroeste, 806 F.2d 315, 316–17 (1st Cir. 1986)

---

[2] SIF brought another appeal related to the same adversary proceeding, which was also dismissed on finality grounds. (See Civ. No. 11-1075 (SEC).)

[3] These issues arise in addition to any additional remedies and claims (that do not hinge upon the contract's validity based on the professional service corporation issue) in tort or quasi-contract that Medsci might have made regarding the agreement.

(holding bankruptcy court's denial of a motion to dismiss an adversary proceeding merely constitutes an interlocutory order <u>within</u> the "discrete dispute" within the larger bankruptcy case).

Finally, we decline to grant SIF leave to appeal, finding that the interlocutory order at issue in this case fails to meet the second and third prongs of the § 1292(b) standard, requiring that (1) the order involve a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. <u>In re Bank of New Eng. Corp.</u>, 218 B.R. at 652.

The First Circuit has stated that for an issue to rise to the level of difficulty and significance required under § 1292(b), the case must involve "difficult and pivotal questions of law not settled by controlling authority" and that dissatisfaction with the court's decision or a "garden variety legal argument" will not suffice. <u>Id.</u> at 653. In the present case, the SIF actually argues that this question has been long settled by the Puerto Rico Supreme Court, and their dissatisfaction with the bankruptcy court's application of the law to the facts does not satisfy the second prong. Furthermore, final resolution of whether or not Medsci was practicing medicine as an unlicensed corporation would not materially advance the determination of SIF's ultimate financial liability to Medsci, because the question of damages and obligations (yet to be decided by the bankruptcy court) would remain regardless—the bankruptcy court would still have to decide the consequences of such a null contract, as well as Medsci's claims raised in quasi-contract or tort. In short, a reversal "would not terminate the adversary proceeding," and thus the third prong is not met. <u>Id.</u> at 654. Moreover, this case presents no exceptional circumstances that would merit such a grant of leave. <u>Id.</u> at 652.

Civil No. 10-2239 (JAF)                                                                                          -7-

For the above reasons, the SIF's appeal (Docket No. 1) is **DISMISSED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 9th day of March, 2012.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. District Judge