UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

STATE INSURANCE FUND CORP.,

    Appellant,

v.

MEDSCI DIAGNOSTICS, INC.,

    Appellee.

Civil No. 10-2239 (JAF)
Related case: Bankr. No. 10-00094 (ESL)

**O R D E R**

Pending before this court is appellant State Insurance Fund's (the "SIF") motion for reconsideration of our judgment denying the appeal of an order in a bankruptcy adversary proceeding. (Docket No. 71.) The disputed order held that a contract for radiological diagnostic services between the parties "is not null and void . . . . and each party must comply with its terms." (Bankr. No. 10-00094-ESL, Docket No. 148.) We denied the appeal on finality grounds; a fuller summary of the facts and our analysis may be found in our Opinion and Order of March 9, 2012. (Docket No. 69.) Appellee Medsci Diagnostics, Incorporated ("Medsci") opposes, (Docket No. 72), and both parties let loose a barrage of further replies and motions (Docket Nos. 73; 75; 76; 78; 79; 80; 82; 83; 84; 85). After a review of the SIF's arguments, we deny its motion for reconsideration.

Civil No. 10-2239 (JAF)                                                                             -2-

The SIF's motion, (Docket No. 71), fails to cite any rule or law under which they seek reconsideration. But it argues that the appeal satisfies the finality requirement because it involves a controlling question of law—contrary to our determination in our Opinion and Order dismissing the appeal. In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[1] Soto-Padró v. Pub. Bldgs. Auth., No. 10-2413, 2012 U.S. App. LEXIS 5144, at *21 (1st Cir. Mar. 12, 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)). The "cases tell us that a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Id. (internal quotation marks and citations omitted). Indeed, the First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford

---

[1] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion; the SIF does not make arguments based on this ground. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Civil No. 10-2239 (JAF)                                                                                                   -3-

v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

The SIF's argument boils down to this: that we erred in our legal analysis in dismissing their appeal for lack of finality. The SIF explores no new contours of their arguments and fails to elucidate any manifest errors of law. The arguments in the new filings repeat and track arguments already raised and rebuffed, and so we reject such recycled arguments. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (denying relief because "motion for reconsideration did no more than reiterate the arguments [litigant] earlier had advanced"). Moreover, even if they had not made these exact arguments, we may disregard arguments made in a Rule 59(e) motion that "'could, and should, have been made before judgment issued.'" ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

In addition, the SIF has requested that this court take judicial notice of a recent opinion issued by the Puerto Rico Secretary of Justice regarding the contractual validity issue. (Docket Nos. 82; 83.) But the SIF does not—and cannot—claim that said opinion constitutes an intervening change in the law, because it falls in line with previous jurisprudence (hence their reliance upon it in support of their rehashed arguments). Nor does the SIF point to any newly discovered evidence. Finally, although we deny the SIF's motion, we also reject Medsci's argument urging sanctions, since both parties have engaged in an equally distasteful and "continuous filing of motions." (Docket No. 85.)

Civil No. 10-2239 (JAF)                                                                -4-

For the foregoing reasons, we hereby **DENY** the SIF's motion for reconsideration. (Docket No. 71.)  We also **DENY** Medsci's motion for sanctions.  (Docket No. 85.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of April, 2012.

                                      s/José Antonio Fusté
                                      JOSE ANTONIO FUSTE
                                      United States District Judge